**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **Orlando Lopez** | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| | : | |
| **Elson Morales, Joseph Lawlor and Clive Higgins** | : | **January 27, 2013** |

**COMPLAINT**

**Count One 42 U.S.C. Section 1983 (Excessive Force)**

1. This is an action for money damages to redress the deprivation by the defendants of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this Court is invoked under the provisions of Sections 1331 and 1367(a) of Title 28 and Section 1983 and 1988 of Title 42 of the United States Code, the First and Fourth Amendments to the United States Constitution, and the laws of the State of Connecticut.

3. Jurisdiction of this Court is invoked, in the state law claims, under the provisions of Section 1367 of Title 28 of the United States Code.

4. During all times mentioned in this action, the plaintiff is an adult citizen of the United States, currently residing in Enfield, Connecticut.

5. Defendants Elson Morales, Joseph Lawlor and Clive Higgins, during all times mentioned in this action, were and are duly appointed officers in the Bridgeport Police Department, acting in their official capacity. They are sued, however, only in their individual capacity.

6. The defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, the laws, charter, ordinances, policies, rules, regulations, customs and usages, of the State of Connecticut and the Town of Stratford.

7. This is an action for money damages to redress the deprivation by the defendants of rights secured to the plaintiff to be free from excessive force, undue bodily restraint, and the denial of substantive due process rights afforded by the Constitution and laws of the United States and the State of Connecticut.

8. On May 20, 2011, in Beardsly Park, in the City of Bridgeport, CT, the defendants arrested the plaintiff.

9. During the course of the arrest the Defendants deployed a taser, and the plaintiff was immobilized and fell to the ground face down.

10. While the plaintiff was lying face down on the ground motionless, the defendants forcefully kicked the plaintiff over a dozen times, upon various parts of his body, including his head, and stomped on his back.

. 11. The plaintiff, during the assault by the officers, was not resisting in any manner.

12. The plaintiff was in extreme pain and requested medical attention several times when he was with the defendants.

13. The plaintiff was assaulted by the defendants despite the fact that he did not offer any physical or verbal resistance to the police.

14. As a result of the physical assault by the defendants, the plaintiff sustained severe pain, a laceration of his lip requiring several stitches resulting in a scar, contusions on his body and face, and a fracture to his hand.

15. The defendants had a duty to perform the responsibilities of his position without the use of excessive force.

16. In light of the facts and circumstances, the defendants employed unreasonable force.

17. The defendants' actions were unjustified and unlawful.

18. The defendants should have known that emotional distress was the likely result of such conduct.

19. As a consequence of the actions of the defendants, the plaintiff suffered great humiliation, pain, embarrassment, anxiety, stress, emotional and mental upset, and loss of sleep.

20. In the manner described above, the injuries to the plaintiff were the direct and proximate result of the intentional actions of the defendants.

**Count Two Reckless Infliction of Emotional Distress**

1-20. Paragraphs one through twenty of Count One are hereby incorporated as paragraphs one through twenty of Count Two.

21. The defendants intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct.

23. As a direct and proximate result of the acts of the defendants, as described herein, the plaintiff suffered severe emotional distress.

24. The plaintiff's distress was foreseeable and severe enough to cause illness or bodily harm.

**Count Three Assault**

1-20. Paragraphs one through Twenty of Count One are hereby incorporated as paragraphs one through twenty of Count Three.

21. The defendants intended to cause the plaintiff immediate apprehension of harmful or offensive bodily contact and had the apparent ability to complete the act.

**Count Four Battery**

. 1-20. Paragraphs one through Twenty of Count One are hereby incorporated as paragraphs one through twenty of Count Four.

21. The defendants intended to cause a harmful or offensive contact with the plaintiff and a harmful contact directly resulted from the defendants' action.

**Count Five Intentional Infliction of Emotional Distress**

1-20. Paragraphs one through twenty of Count One are hereby incorporated as paragraphs one through twenty of Count Five.

21. The defendants' actions were unjustified and unlawful.

22. The defendants intended to inflict emotional distress or they knew or should have known that emotional distress was the likely result of their conduct.

25. The actions of the defendants were extreme and outrageous.

26. As a direct and proximate result of the acts of the defendants, as described herein, the plaintiff suffered severe emotional distress.

**Count Six Negligent Infliction of Emotional Distress**

1-19. Paragraphs one through nineteen of Count One are hereby incorporated as paragraphs one through nineteen of Count Six.

20. The defendants' conduct created an unreasonable risk of causing severe emotional distress.

21. The plaintiff's distress was foreseeable and severe enough to cause illness or bodily harm.

22. In the manner described above, the injuries to the plaintiff were the direct and proximate result of the negligent actions of the Defendants.

Orlando Lopez

By His Attorney

***/s/ Robert Berke***

Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06605
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net

**JURY DEMAND**

The plaintiff requests a trial by jury.

By His Attorney

**/s/ Robert Berke**

______________________________

Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06606
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net

Wherefore, the plaintiff claims:

a) Compensatory damages;

b) Punitive damages;

c) Attorney's fees;

e) Such other relief as deemed fair and equitable.

By His Attorney

**/s/ Robert Berke**

Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06606
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net